UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CR-20562-WILLIAMS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| PABLO AMEZCUA DORADOR and | ) |
| GUILLERMO BARRERA LARA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| _____/ | |

**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1. Audio recordings of statements by the Defendants have been provided by separate mailing to the defense.

2. That portion of the written record containing the substance of any oral statements made by the Defendants before or after arrest in response to interrogation by any person then known to the Defendant to be a government agent has been provided by separate mailing to the Defense.

3. The Defendants did not testify before the Grand Jury.

4. The Defendants do not have any criminal history in the United States.

5. Papers, documents, photographs, tangible objects, and videos that the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the Defendants, have been provided by separate mailing to the defense to the extent practicable. Other items, including additional items that may become available at a later date, may be inspected at a mutually convenient time at the Office of the United States Attorney, 11200 NW 20th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

The Defendants' cellular telephones are hereby made available for inspection. Please contact the undersigned AUSA to set up a date and time that is convenient to both parties.

B.     DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1 and 2 of Section b of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.     The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.     The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). The confidential sources referenced in the discovery are paid informants, and additional disclosures will be made prior to trial. Please contact the undersigned AUSA to discuss this matter.

E.     The government will disclose the criminal history of any informant it intends to call at trial.

F.     The United States will disclose the photo lineups or photographs used if the defendant was, or is, identified in a lineup, show up, or similar identification proceeding.

G.     The government has advised its agents and officers involved in this case to preserve all rough notes.

H.     The government will timely advise the Defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.     The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this case.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L.     The United States is in the possession of the vessel and aircraft specified in the asset

        forfeiture provisions of the Indictment.  Please contact the undersigned AUSA to set up a convenient time to inspect those vehicles.

M.        The government is not aware of any latent fingerprints or palm prints that have been identified by a government expert as those of either Defendant.

N.        The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.  These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands notice of any alibi defense for the time and place specified in each count of the Indictment.

A hard drive will be provided to each defendant containing Bates 1-378.  All other discovery is hereby made available to the Defense.

        Respectfully submitted,
        ARIANA FAJARDO ORSHAN
        UNITED STATES ATTORNEY

By:   /s/Daniel J. Marcet
      Daniel J. Marcet
      Assistant United States Attorney
      Florida Bar No. 0114104
      11200 NW 20th Street
      Miami, Florida 33172
      Tel: (305) 715-7642

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Court using CM/ECF and the attachments will be provided to counsel for each Defendant.

                                                              */s/Daniel J. Marcet*
                                                              Daniel J. Marcet
                                                              Assistant United States Attorney