UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-CR-20562-WILLIAMS

UNITED STATES OF AMERICA

vs.

PABLO AMEZCUA DORADOR,

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

PABLO AMEZCUA DORADOR ("Defendant") enter into the following agreement:

1.      The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges

the Defendant with conspiring to engage in money laundering, in violation of Title 18, United

States Code, Section 1956(h).

2.      This Office agrees to request dismissal of the remaining counts of the Indictment

after sentencing.

3.      The Defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter

"Sentencing Guidelines").   The Defendant acknowledges and understands that the Court will

compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered.

The Defendant is also aware that, under certain circumstances, the Court may depart from the

advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines.   The Defendant is further aware and understands that



the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range.   Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The Defendant understands and acknowledges that, for Count 1 of the Indictment, the Court may impose a statutory maximum term of twenty years' imprisonment, followed by a term of supervised release of up to three years, a fine of up to $500,000 or twice the value of the property involved in the transaction, whichever is greater, and forfeiture.

5.     The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant.   The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.   If a Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.     Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty.   Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's

2



attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

7.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8.     This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the Defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make these recommendations if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to

3



entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

9.      The parties agree that, although not binding on the probation office or the Court and subject to the limitations in the last sentence to paragraph 7 of this Agreement, they will make the following recommendations to the Court at sentencing:

a.   The base offense level is 8 under U.S.S.G. § 2S1.1(a)(2);

b.   A 20-level enhancement applies under U.S.S.G. § 2B1.1(b)(1) because the goal of the offense was to launder $17 million;

c.   A 6-level enhancement applies under U.S.S.G. § 2S1.1(b)(2)(C) because the defendant believed that the funds to be laundered were the proceeds of cocaine trafficking;

d.   A 2-level enhancement applies under U.S.S.G. § 2S1.1(b)(2)(B) because the defendant was convicted under 18 U.S.C. § 1956;

e.   A 2-level enhancement applies under U.S.S.G. § 3B1.1 because the defendant recruited Guillermo Barrera Lara into this offense;

f.   No other enhancements or adjustments to the offense level calculation applies; and

g.   The United States agrees to recommend a sentence at the low end of the Sentencing Guidelines range as calculated by the Court at sentencing.   The Defendant retains his right to request a downward departure or variance from the calculated Guidelines range.

10.      This Office agrees that, if while in federal custody the Defendant applies for a prison transfer to Mexican custody pursuant to the International Prisoner Transfer Program and

PMAD

otherwise qualifies for the requested transfer, this Office will not oppose the Defendant's transfer to Mexican custody.

11.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office, or the Court.   The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety.   The Defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

12.     The defendant knowingly and voluntarily admits that the following personal property was involved in the offense to which he agrees to plead guilty herein, or is traceable to such property, and is therefore subject to criminal forfeiture in this case pursuant to Title 18, United States Code, Section 982(a)(1):

(a)     One (1) Sea Ray Sundancer Vessel (H.I.N. SERF077H506), with inventory; and

(b)     One (1) Cessna Citation 500 airplane, (Serial Number 500-0198), bearing Mexican tail number XB-TRN, with inventory

(collectively, the "Forfeitable Property").

13.     The defendant knowingly and voluntarily agrees to waive his right to a hearing,

5

PHAD

pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), to determine the requisite nexus between the Forfeitable Property and offense to which he agrees to plead guilty herein. Furthermore, the defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States in seeking forfeiture of the Forfeitable Property.

14.     The defendant knowingly and voluntarily agrees waive the following rights with respect to the forfeiture of the Forfeitable Property:

    a.   All constitutional, legal, and equitable defenses to such forfeiture;

    b.   Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

    c.   Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

    d.   Any right he may have to an appeal of any resulting order of forfeiture regarding the Forfeitable Property.

15.     The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Forfeitable Property agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities.   The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the

6

PHAD

transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

16.     The Defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents.   In addition, the Defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

17.     This Office reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.   If in the sole and unreviewable judgment of this Office the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the Dfendant has provided substantial assistance and recommending that the Defendant's sentence be reduced.   The Defendant understands and agrees, however, that nothing in this agreement requires this Office to

PMAD

file any such motions, and that this Office's assessment of the quality and significance of the Defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

18.     The Defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office.   In addition, the Defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the Defendant's sentence because of the Defendant's cooperation.

19.     This is the entire agreement and understanding between this Office and the Defendant.   There are no other agreements, promises, representations, or understandings.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: 3/5/2020     By: _____

DANIEL J. MARCET
ASSISTANT UNITED STATES ATTORNEY

Date: 1/16/2020   By: _____

DAVID GARVIN
COUNSEL FOR DEFENDANT

Date: 1/16/2020   By: _____

PABLO AMEZCUA DORADOR
DEFENDANT

8