UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-20562-Cr-Williams/Torres

UNITED STATES OF AMERICA

    Plaintiff,

v.

PABLO AMEZCUA DORADOR,

    Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant Pablo Amezcua Dorador (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On September 5, 2019, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h), among other counts. *See* Indictment, ECF No. 13. The Indictment contains forfeiture allegations, which allege that upon conviction of a violation of 18 U.S.C. § 1956(h), the Defendant shall forfeit all of his right, title and interest to the United States in any property, real or personal, involved in such violation, or in any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). *See id.* at 5.

On March 5, 2020, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 42; Plea Agreement ¶ 1, ECF No. 43. As part of his guilty plea, the Defendant admitted that the following personal property was involved in the offense to

which he agreed to plead guilty:

 (a) One (1) Sea Ray Sundancer Vessel (H.I.N. SERF077H506), with inventory; and

 (b) One (1) Cessna Citation 500 Airplane (S.N. 500-0198), bearing Mexican Tail Number XB-TRN, with inventory,

(collectively, the "Personal Property"). *See* Plea Agreement, ¶¶ 12-15, ECF No. 43.

Furthermore, in support of his guilty plea, the Defendant executed a Factual Proffer in which he admitted that the Personal Property was involved in the offense to which he pled guilty. *See* Factual Proffer, 4, ECF No. 44.

Additionally, the Defendant agreed that the Personal Property was involved in the crime to which he pled guilty and further agreed that the Personal Property was therefore subject to criminal forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(1), accordingly. *See* Plea Agreement, ¶ 12, ECF No. 43.

On August 25, 2020, the Court imposed sentence on the Defendant that included criminal forfeiture of the Personal Property. Additionally, the Court directed the United States to file a preliminary order of forfeiture regarding the Personal Property with the Court accordingly. *See* Judgment, 6, ECF No. 82.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, it is hereby **ORDERED** that:

 1. The United States' Unopposed Motion for Preliminary Order of Forfeiture is **GRANTED**;

2. Pursuant to 18 U.S.C. § 982(a)(1), the following specific property is hereby forfeited to the United States, subject to third party interests, if any:

(a) One (1) Sea Ray Sundancer Vessel (H.I.N. SERF077H506), with inventory; and

(b) One (1) Cessna Citation 500 Airplane (S.N. 500-0198), bearing Mexican Tail Number XB-TRN, with inventory.

3. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4. The United States shall send and publish notice of the forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n).

5. The United States is authorized to conduct any discovery necessary in identifying, locating, or disposing of forfeited property, and to resolve any third-party petition, pursuant to Fed. R. Crim. P. 32.2(b)(3), (c)(1)(B) and 21 U.S.C. § 853(m).

6. In accordance with Fed. R. Crim. P. 32.2(b)(4)(A) this Preliminary Order of Forfeiture is final as to the Defendant.

7. The Court shall retain jurisdiction in this matter for enforcing this Preliminary Order of Forfeiture.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of actual notice, whichever is earlier, then, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), this Preliminary Order of Forfeiture shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose

of the property forfeited herein in accordance with applicable law and agency rules.

**DONE AND ORDERED** in Miami, Florida, this 7th day of October 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE